Nos. 14-1617, -1619

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

LEXMARK INTERNATIONAL, INC.,
*Plaintiff-Cross Appellant*,

v.

IMPRESSION PRODUCTS, INC.,
*Defendant-Appellant,*

QUALITY CARTRIDGES, INC., JOHN DOES, 1–20, BLUE TRADING LLC, EXPRINT INTERNATIONAL, INC., LD PRODUCTS, INC., PRINTRONIC CORPORATION, TESEN DEVELOPMENT (HONG KONG) CO. LTD., BENIGNO ADEVA AND HIS COMPANIES,
*Defendants.*

Appeals from the United States District Court for the
Southern District of Ohio in Case No. 10-CV-564
Judge Michael R. Barrett

**SUBMISSION OF RECORD MATERIALS PURSUANT TO APRIL 14, 2015 EN BANC ORDER (D.E. 83)**

TIMOTHY C. MEECE
V. BRYAN MEDLOCK, JR.
JASON S. SHULL
AUDRA C. EIDEM HEINZE
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Chicago, IL 60606
Telephone: (312) 463-5420
Facsimile: (312) 463-5720
tmeece@bannerwitcoff.com

STEVEN B. LOY
STOLL KEENON OGDEN PLLC
300 W. Vine Street
Lexington, KY 40507

CONSTANTINE L. TRELA, JR.
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7293
Facsimile: (312) 853-7036
ctrela@sidley.com

BENJAMIN J. BEATON
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

*Counsel for Lexmark International, Inc.*

# **CERTIFICATE OF INTEREST**

Counsel for Plaintiff-Cross Appellant certifies the following:

1. The full name of every party represented by me is:

    Lexmark International, Inc.

2. The name of the real party in interest represented by me is:

    Lexmark International, Inc.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or *amicus curiae* represented by me are:

    None

4. The names of all law firms and the partners or associates who appeared for Lexmark International, Inc. in proceedings before the United States District Court for the Southern District of Ohio, or are expected to appear in this Court, are:

SIDLEY AUSTIN LLP
Constantine L. Trela, Jr., Benjamin J. Beaton

BANNER & WITCOFF, LTD
Timothy C. Meece, V. Bryan Medlock, Jason S. Shull, Audra C. Eidem Heinze; Matthew P. Becker; Neil C. Trueman

STOLL KEENON OGDEN PLLC
P. Douglas Barr, William J. Hunter, Jr., Steven B. Loy, Anthony J. Phelps


DATE:  April 24, 2015                             /s/ Timothy C. Meece
                                                  TIMOTHY C. MEECE

Pursuant to the Court's April 14, 2015 En Banc Order (D.E. 83), Plaintiff-Cross Appellant Lexmark International, Inc. ("Lexmark"), with the agreement of Defendant-Appellant Impression Products, Inc., hereby submits the Joint Motion for Entry of Stipulated Order Regarding Supplementation of Record, Limited Reconsideration to the Extent Necessary to Preserve Appellate Rights, for Non-Infringement with Respect to Toner Cartridges First Sold Outside the United States, and for Entry of Final Judgment (A2554-66) ("Stipulation") and exhibits thereto. These documents were filed in the district court under seal pursuant to the "Protective Order" dated December 2, 2011 (District Court D.E. 117). Lexmark previously notified the Court that the parties agreed to waive confidentiality with respect to the Stipulation itself but not the exhibits (D.E. 78). There are fifteen exhibits to the Stipulation that are labeled sequentially A through O. While not part of the Appendix actually filed with the Court, the exhibits were designated for possible inclusion in the Appendix pursuant to Circuit Rule 30 and so bear Appendix numbers A2567–A3917.

Lexmark has redacted two categories of information from the exhibits: (1) customer- and counterparty-identifying information, including information from which those identities could be determined (collectively, "customer information") and (2) price-related information. To aid the Court's review of the material, customer information has been redacted with black boxes, and price-related

3

information has been redacted with gray boxes. To enable the Court to reference the contracts without revealing customer information, each of the contracts in exhibits C, D, L, and M has been labeled "Dealer Contract," "Distributor Contract," "Superstore Contract," and "OEM Contract," respectively, along with a numerical suffix (e.g., Dealer Contract 1, Dealer Contract 2, etc.). Lexmark understands that unredacted versions of the exhibits have been made available to the Court (D.E. 77, 79), but will re-file the unredacted versions under seal if requested.

There is good cause for the redactions. First, Circuit Rule 28(d) permits parties to maintain the confidentiality of information filed pursuant to a judicial protective order, and the subject exhibits were filed pursuant to the Protective Order in the district court that defined confidential material as:

> … matter containing or reflecting highly sensitive financial information, security or technological measures, ongoing research and development projects, computer source code, trade secrets, non-public research or other similar non-public information, confidential or proprietary information, or information covered by a legitimate privacy right or interest the disclosure of which will harm the producing party's competitive position if it becomes known to a party other than the producing party.

(District Court D.E. 117, pp. 1-2). The confidential material covered by the Protective Order falls squarely within the scope of Fed. R. Civ. P. 26(c)(1)(G),

which identifies the categories of information that may be protected from public disclosure.

Second, certain of the contracts themselves have confidentiality provisions. (*See, e.g.,* OEM Contract 2 at A3524). Lexmark is complying with these contractual confidentiality provisions by redacting customer information and price-related information.

Finally, this Court has recognized that it is appropriate to seal customer information and financial information from which competitors and suppliers could determine confidential pricing information. *See Apple Inc. v. Samsung Electronics Co., LTD*, 727 F.3d 1214 (Fed. Cir. 2013) (holding that the district court's refusal to seal such information was an abuse of discretion).

Good cause exists to maintain the confidentiality of the two narrow classes of information redacted from these exhibits.

| | |
|---|---|
| Dated: April 24, 2015 | Respectfully submitted, |
| | /s/ Timothy C. Meece |
| TIMOTHY C. MEECE | CONSTANTINE L. TRELA, JR. |
| V. BRYAN MEDLOCK, JR. | SIDLEY AUSTIN LLP |
| JASON S. SHULL | One South Dearborn St. |
| AUDRA C. EIDEM HEINZE | Chicago, IL 60603 |
| BANNER & WITCOFF, LTD. | Telephone: (312) 853-7293 |
| Ten South Wacker Drive | Facsimile: (312) 853-7036 |
| Chicago, IL 60606 | ctrela@sidley.com |
| Telephone: (312) 463-5420 | |
| Facsimile: (312) 463-5720 | |
| tmeece@bannerwitcoff.com | |

| | |
|---|---|
| STEVEN B. LOY<br>STOLL KEENON OGDEN PLLC<br>300 W. Vine Street<br>Lexington, KY 40507<br>Telephone: (859) 231-3000 | BENJAMIN J. BEATON<br>SIDLEY AUSTIN LLP<br>1501 K Street, NW<br>Washington, DC 20005<br>Telephone: (202) 736-8344<br>Facsimile: (202) 736-8711 |

*Counsel for Lexmark International, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2015, I caused the foregoing Submission of Record Materials Pursuant to April 14, 2015 En Banc Order (D.E. 83) to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system.

Participants in this case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Timothy C. Meece
TIMOTHY C. MEECE